UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 06-14205-CIV-MOORE

NORTHSIDE MARINA VENTURES, LLC, as
assignee of Flagship Marinas Management Company,
LLC,

       Plaintiff,

v.

LEXINGTON INSURANCE COMPANY, a foreign
corporation,

       Defendant.
_____/

**CLOSED CIVIL CASE**

**ORDER GRANTING MOTION FOR CONSIDERATION OF LATE FILED MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE came before the Court upon Defendant Lexington Insurance Company's Motion for Summary Judgment (DE # 20), Plaintiff's Motion for Consideration of Late Filed Motion for Summary Judgment (DE # 32), and Plaintiff's Motion for Summary Judgment (DE # 22). A response was filed to the latter motion, and a Response and Reply were filed to the former motion.

UPON CONSIDERATION of the motions and being otherwise fully advised in the premises, the Court enters the following Order.

While Plaintiff's Motion for Summary Judgment was filed after the deadline set by this Court, this case is particularly apt, as described below, for resolution by summary judgment, and Plaintiff's Motion for Consideration of Late Filed Motion for Summary Judgment (DE # 32) is GRANTED.

**I.     Background**

This suit arises out of a claim against an insurance policy issued by Defendant Lexington Insurance Company to Flagship Marinas Management Company, LLC (the "Policy") for a commercial marina in Stuart, Florida, which it managed for Plaintiff, Northside Marina Ventures, LLC. Plaintiff's claim was for "losses involving the offshore and business income elements of its covered property," sustained during Hurricane Jeanne. Def. Mot. at 3. This action relates to the Plaintiff's claim for "Business Income with Extra Expense," ("BIEE") an element covered by the Policy. Id. Defendant claims that it has already paid $878,000.00 in satisfaction of the claim, which it argues is the limit of coverage for the BIEE claim. Id. Plaintiff claims the applicable limit in the Policy is $5,000,000, which would cover all of Plaintiff's claimed losses. Pl. Mot. at 12.

**II.    Standard of Review**

The applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the

nonmoving party.  Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion.  Id.  However, the nonmoving party:

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e).  "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

In other words, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986).  In determining whether this evidentiary threshold has been met, the trial court "must view the evidence presented through the prism of the substantive evidentiary burden" applicable to the particular cause of action before it.  Anderson, 477 U.S. at 254.  Summary judgment may be granted if the nonmovant fails to adduce evidence which, when viewed in a light most favorable to him, would support a jury finding in his favor.  Id. at 254-55.  Additionally, the nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment.  Id.

Here, only one issue is raised by the parties, the limit of coverage for the BIEE claim. Under Florida law[1], "the interpretation of language in an insurance policy is a question of law properly decided on summary judgment." Galen Health Care, Inc. v. American Co. of Reading, 913 F.Supp. 1525, 1528 (M.D.Fla. 1996). See also, Fireman's Fund Ins. Co. v. Tropical Shipping & Construction Co., 254 F.3d 987, 1003 (11th Cir. 2001) ("The question of the extent of coverage under an insurance policy is a question of law . . .").

## III.   Discussion

Under Florida law, "insurance contracts are construed in accordance with the plain language of the policies as bargained for by the parties." Auto-Owners Ins. Co. v. Anderson, 756 So.2d 29, 34 (Fla. 2000). To determine coverage allowed by an insurance policy, this Court must consider the policy in its entirety. Fla. Stat. 627.419(1); Prudential Property and Cas. Ins. Co. v. Bonnema 601 So.2d 269, 271 (Fla. Dist. Ct. App. 1992). Following a review, "if the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and the another limiting coverage, the insurance policy is considered ambiguous." Auto-Owners Ins. Co., 756 So.2d at 34, citing Weldon v. All Am. Life Ins. Co., 605 So.2d 911, 914-15 (Fla. Dist. Ct. App.1992); Container Corp. of Am. v. Maryland Cas. Co., 707 So.2d 733, 736 (Fla. 1998). If policy provisions are found to be ambiguous, they will be "interpreted liberally in favor of the insured and strictly against the drafter who prepared the policy." Auto-Owners Ins. Co., 756 So.2d at 34, citing State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So.2d 1072, 1076; see also, Container Corp. of Am., 707 So.2d at 736 (where policy language is susceptible to differing interpretations, it should be construed in favor of the insured). This Court must consider the

---

[1] It is undisputed that Florida law applies in this diversity action.

policy, and may not "rewrite [it], add meaning that is not present, or otherwise reach results contrary to the intentions of the parties." State Farm Mut. Auto. Ins. Co. v. Pridgen, 498 So.2d 1245, 1248 (Fla. 1986), quoting Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369 So.2d 938, 942 (Fla. 1979).

Plaintiff claims the Policy is ambiguous as to the maximum amount available for BIEE losses. Defendant disputes that claim, argues that even if the wording of the Policy is unclear, parol evidence may be used to support Defendant's interpretation, and asserts that the usual rule construing ambiguities against the insurer should not apply, as the Policy was not created solely by the Defendant. Def. Mot. at 14-15.

### A. The Proper Interpretation of the Policy and Summary is Ambiguous

The Policy provides:

> In the event of loss hereunder, liability of the [Defendant] shall be limited to the least of the following: . . .
>
>   b. the total stated value for the property involved, as shown on the latest Statement of Values on file with the [Defendant], less applicable deductible(s).
>
>   c. The limit of Liability or Amount of Insurance shown on the face of this policy or endorsed onto this policy.

Policy (DE # 21- 4) at 21. The parties dispute the amount designated by "the total stated value for the property involved, as shown on the latest Statement of Values." Defendant claims the term "Statement of Values" refers to a document titled "Flagship Marinas Management Co., LLC Summary By Location By State" (the "Summary") (DE # 21-5). Def. Mot. at 6, Def. Separate Statement of Undisputed Facts ("Defendant's Facts") (DE # 21-1) at 3. Plaintiff appears to contest that the Summary is the "Statement of Values," but suggests no appropriate alternative document. Statement of Uncontested Material Facts in Conjunction with Pl.'s Mem. of Law in

Opp. to Def.'s Mot. for S.J. and Pl.'s Mot. for S.J. (DE # 24) at 3.

From the face of the Summary, the meaning of the phrase "total stated value for the property involved," as used in the Policy, is unclear. The "total stated value for the property involved" could refer to the value stated for BIEE for the Northside Marina, $878,000, as proposed by the Defendant, or to the total value for Northside Marina, $ 5,928,000, or the total value for all locations for BIEE, $ 8,453,000. The reference to "**total** stated value" implies the sum of multiple stated values. At a minimum, this Court cannot find that the "total stated value" clearly or unambiguously refers to the $878,000 value suggested by Defendant. Nor is it clear or unambiguous to what "property involved" refers.

Defendant also points to the section of the Policy headed "Coverage- Business income and Extra Expense" which states that payment will be made for losses and expenses "during the period of restoration, not to exceed the applicable Limit of Insurance for Business Income With Extra Expense shown in the Declarations." Policy (DE # 21-2) at 43. This Court notes that the final phrase "shown in the Declarations" was omitted without notation from the quotation in Defendant's Facts. Defendant's Facts at 6. The Declarations page of the Policy does not specify a limit. Policy (DE # 21-2) at 1, Defendant's Facts at 6. Accordingly, this Court finds the Policy to be ambiguous about the limit of coverage applicable to Plaintiff's claim.

### B. "Parol Evidence" Cited by the Defendant Does Not Clarify the Parties' Intent.

Defendant brings deposition testimony as evidence of the meaning of the Policy and Summary. Def. Reply at 2. Defendant claims that "[p]arol evidence is admissible to determine the meaning of ambiguous terms through the parties' own statements and conduct." Id. quoting DSL Internet Corp. v. TigerDirect, Inc., 907 So.2d 1203, 1205 (Fla. Dist. Ct. Appl. 2005). Such

evidence, is admissible to show "the parties' intent at the time they entered into the contract." Id., citing Child v. Child, 474 So.2d 299 (Fla. Dist. Ct. App. 1985); Berry v. Teves, 752 So.2d 112, 114 (Fla. Dist. Ct. App. 2000); First Capital Income and Growth Funds, Ltd.-Series XII v. Baumann, 616 So.2d 163, 165 (Fla. Dist. Ct. App.).  The deposition testimony quoted by Defendant in its Reply is that of Mr. Kenney, the President of Flagship Marinas since 2002, interpreting the Summary based on his current reading of the document.  Def. Reply at 2-3, quoting Kenney Deposition (DE # 21-9, 10) at 37-38.  Mr. Kenney was asked whether he had conversations in 2004 about "specific coverage for a business income with extra expense losses," but he did not recall any.  Kenney Deposition, part 1 (DE # 21-9) at 35.  While Mr. Kenney explained that the value appearing at the nexus of "Aqualand Marina" and "BI & EE" in the Summary chart represents the limit of business interruption coverage, because that was "the way it was explained to [him] under the policy . . . [b]y the brokers," there is no indication of a contemporaneous understanding indicative of the parties' intent in agreeing to the Policy. Kenney Deposition, part 2 (DE # 21-10) at 6.  As far as the Kenney Deposition supplies an interpretation of the Policy to Defendant's benefit, Plaintiff supplies the deposition of Defendant's agent, interpreting the Policy to the contrary.  Pl. Mot. at 8, citing Hollingsworth Deposition (DE # 21-11) at 40.  None of the "parol evidence" illuminates the intent of the parties in 2004, as they entered into the contract embodied in the Policy.

### C. The Intentions of the Parties are Unclear, so Coverage Must be Inferred.

Under Florida law, "[a]n ambiguous [insurance contract] provision is construed in favor of the insured and strictly against the drafter," as the insurer is usually the drafter of such contracts. Swire Pacific Holdings, Inc. v. Zurich Ins. Co. 845 So.2d 161, 165 (Fla. 2003). Defendant claims

the Policy was a "broker manuscript policy," meaning that it was not entirely Defendant's work, but "reflected terms and conditions specifically sought on Flagship's behalf that, presumably, were tailored to meet the insured's needs." Def. Mot. at 3. Plaintiff, however, provides evidence that the contract terms limiting liability, quoted above, were part of Defendant's standard contract. Pl. Statement of Facts (DE # 24) at 1; Hollingsworth Deposition (DE # 21-11) at 34. Accordingly, this term of the Policy will be construed in favor of the non-drafting insured.

### D. It is Unnecessary to Determine the Exact Limit of Coverage.

As all of the possible coverage limits, other than the $878,000 proposed by the Defendant, are high enough to cover Plaintiff's full claim, it is unnecessary to determine which is the applicable limit. Pl. Statement of Facts (DE # 24) at 3.

### IV.     CONCLUSION

Based on the foregoing, it is ORDERED and ADJUDGED that Defendant's Motion for Summary Judgment (DE # 20) is DENIED. Plaintiff's Motion for Consideration of Late Filed Motion for Summary Judgment (DE # 32) is GRANTED. Plaintiff's Motion for Summary Judgement (DE # 22) is GRANTED. This case is CLOSED. All motions not otherwise ruled upon are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 8th day of August, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record